for tile shipped on orders during the preceding month, accompanied by a check in payment of such commissions, and a voucher reciting that the servant had received the amount named therein in full payment thereof.

John Kozik et al., Appellees, v. Slovak Evangelical Augsburg Denomination, Parish of Sts. Peter & Paul, Appellant.

Gen. No. 21,885.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by John Kozik and thirty-two others, plaintiffs, against the Slovak Evangelical Augsburg Denomination, Parish of Sts. Peter & Paul, a corporation, defendant, to recover on a promissory note given to a local fraternal lodge of the Slovak Evangelical Union of America, known as Spolek Dr. Milos Stefanovic No. 83, and which had been surrendered to the defendant by the seceding members of such local lodge against the wills of the plaintiffs. From a judgment for plaintiffs, defendant appeals.

The aforesaid plaintiffs constituted the remaining loyal members of the Spolek Dr. Milos Stefanovic No. 83. The subordinate lodges were organized under and governed by the constitution and by-laws of the parent organization, whose principal object was to pay sick and death benefits.

At the annual convention of the parent organization held during the fall of 1912, a change was made in the method of assessing its members, from a uniform

assessment plan for all members to one under which the members were assessed according to their respective ages. Said change was to have become effective January 1, 1913. This new plan of assessment met with the disapproval of a majority of the members of Spolek No. 83, as a result of which, at a meeting held early in January, 1913, upwards of one hundred of the one hundred and sixty-three members of said spolek withdrew from the association and formed a rival organization. At the meeting at which this action was taken there were present fifteen or sixteen members of the organization, who manifested their determination to remain loyal to the parent organization. These loyal members were compelled to leave the meeting, after which the insurgent members proceeded to dispose of all the property belonging to Spolek No. 83. The money in its treasury, amounting to upwards of $500, was donated to one John Ducaj, the then treasurer, for his services, while the $1,000 note in question was donated to the appellant church, the maker thereof. A few days later, the loyal adherents of the said Spolek No. 83 called a meeting of all loyal members thereof, at which they formally protested against the action of the secessionists who had dissolved the said spolek and disposed of its property, and subsequently demanded a return of all of its property.

The constitution and by-laws of the parent organization contained the following provisions:

"Section 131. No assembly can be dissolved or expelled as long as it has seven members in good standing."

"Section 163. At a regular meeting of an assembly seven members in good standing shall constitute a quorum to transact all official matters legally."

Q. J. CHOTT, for appellant.

CHARLES A. CHURAN, for appellees.

Kozik v. Slovak Evangelical Augsburg Denom., 202 Ill. App. 280.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. FRATERNAL AND MUTUAL BENEFIT SOCIETIES—*who are entitled to use and enjoyment of property on secession of majority of members of subordinate lodge.* As long as the minimum number of members necessary to constitute the existing local organization remain in a subordinate lodge of a fraternal insurance order such members, even though in the minority, are alone entitled to the use and enjoyment of the property of the organization, and the members of the lodge who secede therefrom lose their right to the property and funds of the lodge, although they constitute a majority of the members.

2. FRATERNAL AND MUTUAL BENEFIT SOCIETIES—*when majority of members of subordinate lodge may not dissolve lodge.* A majority of the members of a subordinate lodge have no power or authority to dissolve or destroy the lodge so long as the minimum number of members necessary to constitute a quorum to transact business provided for in the constitution and by-laws of the parent organization remain loyal and desire to continue the organization.

3. FRATERNAL AND MUTUAL BENEFIT SOCIETIES—*when majority of members of subordinate lodge may not donate property of lodge.* Where the constitution and by-laws of the parent lodge of a fraternal insurance order provide that a specified number shall constitute a quorum to transact all official matters legally, the majority of the members of a local lodge at a meeting held for the purpose of dissolution of such local lodge and for the establishment of a rival organization, to be effective as soon as the property of the local lodge is disposed of, may not, after excluding a number of loyal members sufficient to constitute a quorum, donate a note owned by the local lodge to the maker thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.